UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 6:23-cv-01104-RBD-DCI |
| | ) |
| WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT, WYNDHAM VACATION OWNERSHIP, INC.'S, OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND INCORPORATED MEMORANDUM OF LAW

DEFENDANT, WYNDHAM VACATION OWNERSHIP, INC., ("Defendant"), through its undersigned attorneys, and pursuant to this Court's Order dated June 29, 2023 (Dkt. 16), hereby files its response in Opposition to Plaintiff's Leave to Proceed Pseudonymously ("Motion for Leave").

### I.   INTRODUCTION

The Court should deny Plaintiff's Motion for Leave because Plaintiff has failed to meet her heavy burden of showing that the customary practice of disclosing her identity yields to her privacy concerns. Her argument that she will be required to disclose information of the "utmost intimacy" if she proceeds under

her own name is belied by her actions. As explained in further detail below, Plaintiff created a Facebook post regarding this lawsuit and her alleged rape, sexual assault, and sexual harassment. She also shared a copy of her Complaint with a third party and has repeatedly visited the Wyndham Ocean Walk property since her voluntary resignation.[1] These actions diminish Plaintiff's credibility that her lawsuit involves such a sensitive topic such that she needs to proceed under a pseudonym. Plaintiff also vaguely asserts that she would be subjected to social stigma if she were to proceed under her own name, but she provides no evidence to support these claims. For all these reasons and those explained below, the Court should deny Plaintiff's Motion for Leave.

## II. BACKGROUND

### A. Plaintiff's Argument to Proceed Pseudonymously

Plaintiff filed her Motion for Leave on June 12, 2023. Dkt. 2. Plaintiff claims that her alleged rape constitutes "matters of the utmost intimacy" because her Complaint alleges she was: (1) raped by an employee of Defendant; (2) a year later Defendant negligently retained another employee despite knowing that he was repeatedly verbally and physically sexually inappropriate toward Plaintiff;

---

[1] Due to the nature of this Motion, Defendant has attached redacted copies of Plaintiff's Facebook post and text messages between third Parties about Plaintiff's Complaint. Plaintiff recently married and uses her new last name in her Facebook post. Defendant will provide the Court with an unredacted copy upon request.

and (3) Defendant retaliated against Plaintiff for reporting her workplace abuse. *Id.* at 3.

Plaintiff then claims the litigation "is likely to be highly contentious and delve into matters triggering social stigma." *Id.* at 4. She vaguely asserts that she would experience "ridicule, shame, and negative financial outcome" if potential customers and employers could google her name and discover that "she is the face of a sexual assault lawsuit treading on highly sensitive issues about her personal life." *Id.* at 4.

Plaintiff also argues that her anonymity is not fundamentally unfair to Defendant because it is aware of Plaintiff's identity. *Id.* She also states "[i]t is not Plaintiff's goal to circumvent the discovery process, but rather to protect herself and her identity." *Id.*

**B.     Plaintiff has Publicized and Shared her Lawsuit and Claims**

On or about April 9, 2023, Plaintiff published a lengthy post on Facebook regarding her lawsuit. *See* Exhibit 1. Plaintiff stated, "I left Wyndham because of being raped by a manager and sexually assaulted numerous times on camera, going to My leaders more than once begging for transfers, and asking for a way out." *Id.* She also said that the "rape occurred in 2019, [and she] stayed to then be later still be sexually assaulted and harassed with no help." *Id.* Plaintiff

3

repeated her allegations that she was raped and sexually harassed several times in her post. *Id.*

Additionally, Plaintiff posted multiple details about her lawsuit. She claimed that she "filed with the EEOC and we have the right to sue I have an attorney and the full reason for taking the lawsuit as far as I have was because they blackballed me to work anywhere within WYNDHAM." *Id.* Plaintiff also said she "is now suing her company that she worked for previously" and that she "is telling [her] story [and does not] have a gag order." Plaintiff urged her followers to "[p]rotect [themselves] and make sure [they] know [their] laws" *Id.*

Plaintiff also shared her Complaint with a friend who has disseminated the Complaint to others. On July 2, 2023, a third party, who is not referenced in Plaintiff's Complaint and has no involvement with this lawsuit, forwarded a .pdf copy of Plaintiff's Complaint to two Wyndham Ocean Walk employees and said, "[Plaintiff's]² complaint. Have a looksie." *See* Exhibit 2. The only way the third party could have known this was Plaintiff's lawsuit is if she sent him a copy of her Complaint.

C. **Plaintiff Continues to Stay at Ocean Walk Property**

Plaintiff alleges in Counts V and VIII of her Complaint that she was constructively discharged. *See* Dkt. 1. However, since Plaintiff *voluntarily resigned*

---

² The text message also identified Plaintiff by the unique spelling of her first name.

4

from Defendant, she has made reservations to stay overnight at the property at least three times. Most recently, Plaintiff stayed at Ocean Walk over Memorial Day Weekend from May 29 to May 31, 2023.

### III. MEMORANDUM OF LAW

#### A. Legal Standard

Federal Rule of Procedure 10(a) requires every complaint to name all parties. The "rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (per curiam). Rule 10(a) "creates a strong presumption in favor of parties proceeding in their own names." *Plaintiff v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "Defendants have a right to know who their accusers are, as they may be subject to embarrassment or fundamental fairness if they do not." *Id.*

A party may proceed pseudonymously only if they establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323. "This is, however, a narrow exception." *Carrizosa v. Chiquita Branda Int'l, Inc. (In re Chiquita Branda Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.)*, 965 F.3d 1238, 1246 (11th Cir. 2020). When determining whether Plaintiff has met her burden, the Court should first examine whether (1) Plaintiff is challenging

5

government activity; (2) Plaintiff will be required to disclose information of the utmost intimacy; and (3) Plaintiff is compelled to admit her intention to engage in illegal conduct and thus risk criminal prosecution. *See Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019). If one of those factors is present, then the Court should evaluate other factors such as whether (4) Plaintiff was a minor; (5) threatened with violence or physical harm by proceeding in her own name; and (6) anonymity posed a unique threat of fundamental unfairness to Defendant. *Id.*

"[A]side from these factors, [. . .] the court 'should carefully review <u>all</u> the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* (citing *Frank*, 951 F.2d at 323). "No single factor should be considered dispositive." *Id.*

The Eleventh Circuit has already evaluated the issues raised here and determined that "personal embarrassment" from sexual assault allegations alone is not enough for leave to proceed anonymously. *Id.* at 974. In *Sheely*, plaintiff made vague assertions that she would face bodily harm if forced to proceed in her own name. *Id.* The Court affirmed the district court's denial of the plaintiff's motion to proceed anonymously because she failed to present any "evidence to show that proceeding in her own name will cause her special harm, subject her to bodily injury, or implicate other factors that would make hers an exceptional case

deserving of anonymity." *Id.* The Court also explained that it did not need to decide the question of fundamental unfairness to the defendant because there were no matters of "utmost intimacy" or risk of "bodily harm" present in the case. *Id.*

> B. **Plaintiff Has Not Demonstrated Any Compelling Ground for Hiding Her Identity From the Public**
>
>> 1. *Plaintiff's Reliance on this Matter involving Information of the "Utmost Intimacy" is Belied by her Own Conduct*

Plaintiff's argument that she will be required to disclose information of the "utmost intimacy" if she proceeds under her own name is not persuasive because she has publicized and widely disseminated the facts of her claims under her name. Plaintiff posted a lengthy and detailed post on Facebook – a public social media forum – under her full name, about her alleged sexual assault and lawsuit. The post was not subject to one of Facebook's privacy options which would limit who could see the post, but instead, it was available for viewing by anyone (regardless of any association with Plaintiff or lack thereof). The post further identified when the alleged sexual assault took place, who committed the assault, that the assailant was Defendant's employee, and that she was later sexually harassed. *See* Exhibit 1. She used the terms "rape," "sexual assault," and

"sexual harassment" thirteen times and identifies Defendant three times in her post.

Plaintiff has also shared a copy of her Complaint with a third party, as evidenced by Eric Lowenstein's text message sending Plaintiff's Complaint to two current Wyndham Ocean Walk employees. Plaintiff chose to disseminate and publicize her allegations, with no concern for how her allegations may impact her accused and Defendant yet wants this Court to shield her name and identity. Further, it is obvious she shared the Complaint as a third party's text message specifically identifies Plaintiff by name when referencing the Complaint. Nowhere in the Complaint is Plaintiff's real name used so she would have had to disclose her identity when she shared the complaint with a non-party. Furthermore, Plaintiff has stayed on Ocean Walk property multiple times since her resignation, which undercuts her argument that the events constitute issues of the "utmost intimacy" and that she needs to remain anonymous to protect herself and her identity. Plaintiff cannot claim that her lawsuit involves information of the "utmost intimacy" but post every fact in excruciating detail on a public social media site, under her name, shared her Complaint with third parties, and stayed at the property where the sexual harassment and assault allegedly occurred.

Plaintiff's reliance on, *A.D. v Cavalier Mergersub* LP, Case No: 2:22-cv-095-JES-NPM, 2022 U.S. Dist. LEXIS 169979, at *3-4 (M.D. Fla. Sept. 20, 2020), is

misplaced. The plaintiff in *A.D.* was a victim of sex trafficking, repeated rape, physical and verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment, and argued that these matters were sensitive and highly personal in nature. As stated above, Plaintiff claims that she was raped, sexually assaulted, and sexually harassed, certainly serious and personal allegations but not the type that support the relief she is requested. The fact that she posted those allegations on a public social media site under her name suggests she does not view the facts of her claims as being of the "utmost intimacy." If Plaintiff truly believed these were sensitive and highly personal matters, she would not have posted them on a public forum. Similarly, she would not have sent a copy of her Complaint to anyone who was then able to share the Complaint with others and identify her as the Plaintiff.

> 2. *Plaintiff Has Not Shown That She Would Suffer Reputational Harm if She Proceeded Under Her Own Name*

In her Motion for Leave, Plaintiff asserts that if forced to proceed under her own name, she would be subjected to "substantial social stigma" that would impact her ability to "piece her career back together," and would subject her family to ridicule, shame, and negative financial consequences. Dkt. 2 at 4. Plaintiff also claims that "[p]otential customers and employers will simply google her name and discover that she is the face of a sexual assault lawsuit treading on

9


highly sensitive issues about her personal life." *Id.* This argument lacks merit because Plaintiff's claims are speculative at best.

To justify her request for anonymity, Plaintiff must show her concerns are well-founded and offer sufficiently particularized and supported evidence of reputational harm or social stigma. *See E.K. v. Walt Disney Parks & Resorts U.S. Inc.*, Case No.: 6:22-cv-1919-RBD-DCI, 2022 U.S. Dist. LEXIS 200756, at *6-7 (M.D. Fla. Nov. 3, 2022) (citing *Geico Gen. Ins. Co. v. M.O.*, 2021 U.S. Dist. LEXIS 187843 at *29-30 (D. Kan. Sept. 30, 2021).

Plaintiff's reliance on *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020), is also misplaced. The plaintiff in *Neverson* submitted a declaration with her motion which stated she sought to proceed under a pseudonym in part because she "[came] from a strict Muslim household where under [their] cultural beliefs and traditions such sexual assault to bring shame and humiliation upon [her] family." *Id.* at 988. Like the plaintiff in *Sheely*, Plaintiff produced only conclusory allegations of harm without relying on any specific facts that warrant granting leave to proceed under a pseudonym.

Presumably, one could argue that every claim by a Plaintiff that alleges sexual harassment or assault could involve some degree of social stigma but the Court has not permitted this exception for all cases of this nature. The Plaintiff's burden to meet the exception is high and she has not met it.

### 3. *Plaintiff's Anonymity is Fundamentally Unfair to Defendant*

Because Plaintiff has not demonstrated this case involves matters of the "utmost intimacy" or that she would be harmed if she proceeded under her own name, the Court need not determine whether Plaintiff's anonymity is fundamentally unfair to Defendant. *See Sheely*, 781 F. App'x at 974. Nevertheless, even assuming Plaintiff provided evidence of those two factors, which Defendant denies, Plaintiff's anonymity is fundamentally unfair to Defendant. Plaintiff argues in her Motion that it is not her "goal to circumvent the discovery process, but rather to protect herself and her identity," but her own actions show this argument is nothing more than a sham. It is unfair to the Defendant that Plaintiff is allowed to publicly discuss her claims and name the Defendant and the alleged harasser, but does not want her own name associated with those claims in this legal proceeding. She cannot proceed anonymously while she posts about the lawsuit on public forums, shares the Complaint with third parties, and continues to visit the site where she claims she was sexually assaulted and harassed.

## IV. <u>CONCLUSION</u>

Plaintiff has failed to meet her burden of showing that the customary practice of disclosing her identity yields to her privacy concerns. Her actions undermine any argument that her case involves matters of the "utmost intimacy"

or that she will be subjected to harm if she proceeds under her own name. Accordingly, this Court should deny her Motion.

DATED this 13th day of July, 2023.

>JACKSON LEWIS P.C.
>390 North Orange Avenue, Suite 1285
>Orlando, Florida 32801
>Telephone:  (407) 246-8440
>Facsimile:   (407) 246-8441
>
>By:   */s/ Kathleen C. Shea*
>        Amanda A. Simpson
>        Florida Bar No. 0072817
>        amanda.simpson@jacksonlewis.com
>
>        Kathleen C. Shea
>        Florida Bar No. 102837
>        kathleen.shea@jacksonlewis.com
>
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Jonathan E. Pollard, Esquire, Christopher S. Prater, Esquire and Michael Boehringer, Esquire, Pollard PLLC, 401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, Florida 33301.

>*/s/ Kathleen C. Shea*
>Kathleen C. Shea

4857-3113-2526, v. 5

# EXHIBIT 1

**REDACTED**

I've debated posting this for some time, but as I drive into work this morning the type of anxiety I feel is unfair, I'm not just one of those #metoo movement looking for attention but it's a real situation, I left Wyndham because of being raped by a manager and sexually assaulted numerous times on camera, going to My leaders more than once begging for transfers, and asking for a way out. With the dead end each time of denied, If anyone recalls the heart health issues I was having a few years back was tied directly to that. The rape occurred in 2019, I stayed to then be later still be sexually assaulted and harassed with no help. many of my co workers saw it and reported it as well as camera footage, well guess what those leaders are calling me a liar I filed with the EEOC and we have the right to sue I have an attorney and the full reason for me taking the lawsuit as far as I have was because they blackballed me to work anywhere within WYNDHAM. Every time I asked for a interview I was denied with no reason or ignored. I even reached out to the higher-ups and the company even EVP's even further than that even HR got rid of some of my things in my file. I have proof of everything that I've ever filed with HR as well as a police report from the rape. I also have the information of me reporting the sexual assault and sexual harassment that was seen on camera on more than three occasions they never fired this person because they were a top producer, as I was a top producer top producers make anywhere from $300,000-$1 million a year in the timeshare industry. The reason why I'm putting this out here is because now I am at my new career and I am being written up from corporate on minor in fractions. Then they say that we are the first site to be doing this I think too much of a coincidence if you ask me, it's super sad that a woman comes forward to speak out loud about being raped, sexually harassed at work to the point she hast to resign from her job. She is now suing her company that she worked for previously and is now being targeted for opening her mouth. It is one of the worst feelings that I've been through in the past year of separating from Wyndham. They don't care if you're sexually harassed they don't care if you've been raped all

5:28

loud about being raped, sexually harassed at work to the point she hast to resign from her job. She is now suing her company that she worked for previously and is now being targeted for opening her mouth. It is one of the worst feelings that I've been through in the past year of separating from Wyndham. They don't care if you're sexually harassed they don't care if you've been raped all they care about is how much money you produce for them. That's what I've came to the conclusion of I tried to get help for months. My leaders are still in charge the ones that were my friends, my coworkers, and they were supposed to protect me, and now they're saying that I'm lying, and I have all of the proof in the world all as I can say is if you're a woman and you've ever had any type of sexual harassment or raped at work it's super hard to get through but I promise you there is a day to tell your story a top producer making $400,000 a year doesn't just up and quit their job for no reason I did all the measures I could to get myself transferred away from the people that were hurting me, and all I got was denial after denial and now I'm faced with being afraid that if I make one wrong move at my new company, I'm going to be fired because of the huntsman that know each other between both companies. It's a sad day in the corporate world. I am setting myself up for different avenues in my life for the day that I do get fired from the company that I work for and me being vocal and freedom of speech I'm sure that this will also get me fired, but I'm telling my story I don't have a gag order everything I'm saying is real because I have proof of it corporate America is never for you there for their own pockets. Protect yourself and make sure you know your laws. Being a woman in a man's in the street, especially a top producer that has been one of the hardest things that I have endured over the last five years.

# EXHIBIT 2




