UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

    Plaintiff,

v.                                                        Case No. 6:23-cv-1104-RBD-DCI

WYNDHAM VACATION
OWNERSHIP, INC.,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's motion to proceed pseudonymously (Doc. 2 ("Motion")). The Motion is due to be denied.

In this employment discrimination case, Plaintiff sues her former employer after she was allegedly raped by one co-worker and sexually harassed and assaulted by another. (*See* Doc. 1.) Plaintiff moves to proceed under a pseudonym (Doc. 2), and Defendant opposes. (Doc. 12.)

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). But a narrow exception exists when a party can establish "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)

(cleaned up); *see In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). To determine whether to apply the exception, courts look to all the circumstances, including whether the party: (1) is challenging a government activity; (2) must disclose information of the utmost intimacy; (3) will be compelled to admit to illegal conduct; (4) is a minor; or (5) will be exposed to physical harm. *Francis*, 631 F.3d at 1316.

Plaintiff argues for the use a pseudonym because the sexual assault allegations concern information of the utmost intimacy and revealing her name will subject her to substantial social stigma. (Doc. 2, pp. 3–4.) In cases involving sexual assault, personal embarrassment alone does not justify use of a pseudonym. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said that 'personal embarrassment' alone is not enough for leave to proceed anonymously."); *see also Francis*, 631 F.3d at 1316 ("courts have often denied the protection of anonymity where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment"). And while social stigma can overcome the presumption of openness in court proceedings, Plaintiff must establish that concerns of social stigma are well-founded and particularized. *See E.K v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:22-cv-1919, 2022 WL 16695118, at *3 (M.D. Fla. Nov. 3, 2022); *Doe v. Neverson*, 820 F. App'x 984, 987–88 (11th Cir. 2020) (differentiating general

allegations of potential personal embarrassment from the situation there where plaintiff made specific allegations of being from a "devout Muslim family" who would experience shame and harm to her family and reputation and submitted examples of specific harassing and threatening comments posted online). Plaintiff's conclusory allegations that "this matter is likely to be highly contentious" and that "potential customers and employers will simply google her name and discover" this case are speculative and insufficient to overcome the presumption of openness in judicial proceedings.[1] (Doc. 2, p. 4) So the Motion is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion (Doc. 2) is **DENIED.** By **Tuesday, September 5, 2023**, Plaintiff must file an amended complaint in accordance with this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 22, 2023.

---

[1] Plaintiff also voluntarily posted her allegations on social media which undercuts her claim of possible social stigma or public harassment. (*See* Doc. 17, pp. 7–8, 14–15; Doc. 26-1, ¶ 1.) Plaintiff cannot avail herself of a public forum to make her claims against Defendant and then shield her identity from public disclosure against the strong presumption that judicial filings are matters of public import.



ROY B. DALTON, JR.
United States District Judge