# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JACKLYN KNIGHTS,

    Plaintiff,

v.                                              Case No. 6:23-cv-1104-RBD-DCI

WYNDHAM VACATION
OWNERSHIP, INC.,

    Defendant.
_____

## **ORDER**

Before the Court are Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. 31 ("Motion").) Defendant's motion is granted.

## BACKGROUND

Plaintiff joined Wyndham's Daytona Beach office as a sales representative in February 2018. (Doc. 32, ¶ 10.) She resigned in February 2022. (*Id.* ¶ 35.) Plaintiff submitted three employment applications to Wyndham. (Doc. 31, p. 4.) All Wyndham employment applications, including Plaintiff's, contain a jury trial waiver at the end of the application above the electronic signature line. (Doc. 32, pp. 3, 21, 23, 25, 27.) In bold letters in a separate paragraph, the waiver states:

> Should I become employed, as a condition of my employment, I agree to waive my right to a trial by jury in any action or proceeding involving any claim, whether statutory or at common law, related to or arising out of my employment or the termination of employment, including claims of

> discrimination. I understand that I am waiving my right to a jury trial voluntarily and knowingly and free from duress or coercion. I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this document.

(Doc. 31, p. 31.) Defendant submitted a screenshot of the jury trial waiver that appears before an applicant electronically signs the employment application (Doc. 31, p. 21.) Defendant submitted copies of Plaintiff's three employment applications. (Doc. 31, pp. 23, 25, 27 "(Application Receipts").) All three Application Receipts include the same questions and the same jury trial waiver. (*Id.*) Because of a software glitch, the jury trial waiver language appears twice on the employment applications. (*Id.*) Plaintiff demands a jury trial. (Doc. 32, p. 25.) Defendant moved to strike Plaintiff's jury demand (Doc. 31), and Plaintiff responded (Doc. 34). The matter is ripe.

## STANDARDS

"The right to trial by jury is fundamental." *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009). "A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). Because the right to a jury trial is a fundamental right, waivers are reviewed with exacting scrutiny. *See Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009).

## ANALYSIS

Defendant argues that Plaintiff waived her right to jury trial knowingly and voluntarily. (Doc. 31, p. 6.) Plaintiff does not address this argument. (Doc. 34.)

### I. Burden of Proof

The Eleventh Circuit has not determined which party has the burden of proving that a jury trial waiver was knowing and voluntary. *See Bakrac*, 164 F. App'x at 823. But courts in the Middle District of Florida have placed the burden on the party seeking to enforce the waiver. *See, e.g., Baker v. Wyndham Worldwide*, No. 6:11-cv-1469, 2012 WL 3860049, at *5 (M.D. Fla. Aug. 17, 2012), *adopted*, No. 6:11-cv-1469, 2012 WL 3854530, at *1 (M.D. Fla. Sept. 5, 2012). Defendant seeks to enforce the jury trial waiver. (Doc. 31, pp. 6–12.) So Defendant bears the burden of establishing that the waiver was knowing and voluntary.

### II. Knowing and Voluntary

Whether a waiver was knowing and voluntary turns on several factors: (1) the conspicuousness of the waiver; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were negotiable. *See Bakerac*, 164 F. App'x at 824. No single factor is controlling, and the court is not bound by the number of factors that have been satisfied. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Rather, the Court's inquiry is "whether, in light of all the

3

circumstances, the [c]ourt finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

### A.   Conspicuousness

A Jury trial waiver clause is more likely to be considered conspicuous when:

> (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last numbered paragraph of a relatively short document, and as such, it cannot be considered to be hidden within the document, and (4) it states in clear and unambiguous language that [signatories] are waiving their right to a jury trial.

*Green v. Wyndham Vacation Resorts, Inc.*, No. 6:08-cv-1997, 2010 WL 11507353, at *3 (M.D. Fla. July 12, 2010) (alteration in original) (cleaned up).

Here, the waiver: (1) is in its own separate paragraph immediately above the signature line (Doc. 31, p. 21); (2) is the same size and font as the rest of the agreement and bolded (*id.*) ; (3) is in the last paragraph of the employment application (*id.*) ; and (4) states in clear and unambiguous language that Plaintiff waives her right to a jury trial. (*Id.*) So the waiver is clear and conspicuous. *See Green*, 2010 WL 11507353, at *4 (finding the same waiver to be conspicuous); *Baker v. Wyndham Worldwide*, No. 6:11-cv-1469, 2012 WL 3860049, at *5 (M.D. Fla. Aug. 17, 2012) *adopted*, 2012 WL 3854530, at *1 (M.D. Fla. Sept. 5, 2012).

### B.   Relative Bargaining Power

Defendant argues that the relative bargaining power between the parties

did not make the negotiation or refusal of the terms impossible. (Doc. 32, p. 9.) Plaintiff does not address this argument. (Doc. 34, pp. 2–4.) In evaluating the parties' relative bargaining power, the question is whether the parties' bargaining positions were not unequal enough to make the negotiation or refusal of terms impossible. *See Green*, 2010 WL 11507353, at *5. Even if one of the parties stands in an advantageous bargaining position, a jury trial waiver can still be enforced if the waiver's terms are not unfair and not unconscionable. *See Branch Banking & Tr. Co. v. Nat'l Fin. Servs. LLC*, 6:13-cv-1983, 2014 WL 2019301, at *5 (M.D. Fla. May 16, 2014). Here, while Wyndham is in a superior bargaining position as a prospective employer, Plaintiff could have sought employment elsewhere. *See Green*, 2010 WL 11507353, at *5. Also, the jury waiver language is neither unfair nor unconscionable. *See Branch Banking & Trust Co.*, 2014 WL 2019301, at *5. So the parties' bargaining positions were not grossly unequal to make the negotiation or refusal of terms impossible.

### C. Sophistication

Defendant argues that Plaintiff was sophisticated and not so naïve as to make the waiver unenforceable. (Doc. 31. pp. 10–11.) Plaintiff does not address this argument. (Doc. 34, pp. 2–4.) If an unsophisticated party waives the right to jury trial, such a finding may weigh against the enforceability of the waiver. *See Green,* 2010 WL 11507353, at *4–5 (finding a non-college educated plaintiff was

5

"neither sophisticated or unsophisticated" but noting that "plaintiffs in similar educational and comparable occupations have had jury waiver clauses enforced over their objection.") Plaintiff has more education than the plaintiff in *Green* because Plaintiff studied business in college. (Doc. 31, p. 23); *See Green 2010 WL 11507353*, at *4–5. So at minimum, she cannot be described as unsophisticated. *See Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (enforcing a jury trial waiver in a mortgage agreement against plaintiffs who listed their occupation as "tile guy" and "analyst" in their loan application).

### D. Negotiability

Defendant argues that the jury trial waiver is enforceable even though Plaintiff needed to sign the employment application before she could be considered for employment. (Docs. 31, pp. 2, 11–12.) Plaintiff does not address this argument. (Doc. 34, pp. 2–4.)

Simply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable. *See Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009). "The mere fact that an employee signs an employment agreement containing a jury trial waiver in a take it or leave it situation does not make the waiver unenforceable or unconscionable." *Winiarski v. Brown & Brown, Inc.*, No. 5:07-cv-409, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008); *see Green*, 2010 WL

11507353, at *4 (highlighting that party could walk away from unfavorable contractual terms in an employment application by finding employment elsewhere); *see also Collins*, 680 F. Supp. 2d at 1295 (highlighting a party's ability to negotiate or refuse unreasonable terms of a contract). A jury trial waiver that allows an individual to consult an attorney before signing weighs in favor of negotiability. *See Green*, 2010 WL 11507353, at *4.

Here, no evidence suggests Plaintiff attempted to negotiate the terms of the jury trial waiver. But Plaintiff had options to walk away or negotiate if she found the jury trial waiver or any other terms of the applications unreasonable. *See Winiarski*, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008). Plaintiff could have consulted an attorney before waiver. (Doc. 31, p. 31.) So the waiver was negotiable.

### III.   Scope of Waiver

Plaintiff argues that it is unclear whether the scope of waiver is to Defendant's benefit. (Doc. 34, p. 3–4.) She posits that the waiver should be limited to non-party Wyndham Worldwide Corporation and not Defendant because the employment applications reference Wyndham Worldwide Corporation. (*Id.*) This argument was not addressed in Defendant's Motion. (*See* Doc. 31, pp. 3–12.) A jury trial waiver may not be invoked by one who is not a party to the contract. *See Omega v. Deutsche Bank Tr. Co. Americas*, 920 F. Supp. 2d 1298, 1300 (S.D. Fla. 2013). But a parent company is included in a contractual provision that

applies to its subsidiaries. *Cf. Tyman v. Ford Motor Co.*, 521 F. Supp. 3d 1222, 1228 (S.D. Fla. 2021).

Plaintiff's argument is unavailing because the introductory paragraph of the application states[1] "Wyndham *and its subsidiary companies* . . . ." (Doc. 31, pp. 23, 25, 27) (emphasis added). So Wyndham and its subsidiary companies—including Defendant—are covered by the jury trial waiver. *Cf Tyman*, 521 F. Supp. 3d at 1228. This language also indicates that the employment application was general and not limited to employment with a particular Wyndham entity. This conclusion is also supported by three questions in the employment application, which ask about employment with Defendant and subsidiary companies.[2] (*See* Doc. 31, p. 23.) So the jury waiver is not limited to Wyndham World Wide Corporation and is enforceable with respect to Defendant.

### IV.  Plaintiff's Declaration

---

[1] While Defendant's screenshot states, "Wyndham Destinations and/or Wyndham Hotels & Resorts", the Court's findings remain unchanged because the introductory paragraph of the screenshot states, "Wyndham Destinations and/or Wyndham Hotels & Resorts *and their subsidiary companies* . . . ." (Doc. 31, p. 21) (emphasis added).

[2] Question 4.2 states "[h]ave you previously been employed by Wyndham Worldwide or any of its subsidiaries or affiliates, including Wyndham Hotel Group, Wyndham Vacation Ownership, Wyndham Vacation Resorts - Asia Pacific or Wyndham Destination Network (formerly known as Wyndham Exchange & Rentals)?" Question 4.6 states "[a]re you currently employed by Wyndham Worldwide or any of its subsidiaries or affiliates, including Wyndham Hotel Group, Wyndham Vacation Ownership, Wyndham Vacation Resorts - Asia Pacific or Wyndham Destination Network (formerly known as Wyndham Exchange & Rentals)?" Question 5.2.2 states "[h]ave you been previously or are you currently employed by Wyndham Vacation Ownership or any of its current or former affiliates, including Trendwest Resorts, Inc., WorldMark or Fairfield Resorts?." (Doc. 31, p. 23.)

Plaintiff's response questions whether Plaintiff signed any jury trial waivers and what specific language the waiver contained. (Doc. 34, p. 2.)Plaintiff relies on Plaintiff's declaration stating, "I have never seen the [jury waiver] screenshot . . ." and that Plaintiff does "not recall ever signing anything electronic or otherwise, that waived [Plaintiff's] right to a jury trial for claims against [Defendant.]" (Doc. 34-1, ¶¶ 3–4.) Plaintiff also points to a discrepancy in the language contained in the screenshot and the language in the Application Receipts. (Doc. 34, p. 2.) Defendant did not address these arguments because these arguments were raised in Plaintiff's response.

A plaintiff's assertion that she did not recall signing an agreement is not enough to invalidate the agreement. *See Torjagbo v. United States*, 285 F. App'x, 615, 620 (11th Cir. 2008). Plaintiff claims she doesn't recall ever signing any document that waived her right to a jury trial but does not quite deny that she signed the agreement (Doc. 34-1, ¶¶3–4); *See Torjagbo*, 285 F. App'x at 620. So Plaintiff's lack of recall is not enough to invalidate the jury trial waiver. Finally, the discrepancies between the screenshot and the Application Receipts center on the words used to describe Wyndham and related entities[3]—not around the language of the waiver;

---

[3] The screenshot states, "Wyndham Destinations and/or Wyndham Hotels & Resorts . . ." while the Application Receipts state "Wyndham" and "Wyndham Worldwide Corporation." (Doc. 31, pp. 21, 27.)

9

the waiver in the screenshot is exactly the same waiver in the Application Receipts. (Doc. 31, pp. 21, 27.)

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion (Doc. 31) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2023.

ROY B. DALTON, JR.
United States District Judge