# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JACKLYN KNIGHTS,

        **Plaintiff,**

v.                                    **Case No: 6:23-cv-1104-RBD-DCI**

WYNDHAM VACATION
OWNERSHIP, INC.,

        **Defendant.**

_____

# ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion to Extend Expert Disclosure Deadlines (Doc. 40)** |
| **FILED:** | **January 31, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

    On July 31, 2023, the parties filed a case management report.  Doc. 22.  In the report, the parties requested deadlines for the expert disclosures as follows: 11/20/2023 for Plaintiff; 1/22/2024 for Defendant; and 2/19/2024 for Rebuttal.  *Id.*  The parties proposed the deadline for mediation as 2/23/2024.  *Id.*  So, from the inception, the parties proposed a mediation deadline after expert disclosures.

    On August 10, 2023, the Court issued the Case Management and Scheduling Order.  Doc. 27 (the CMSO).  In the CMSO, the Court set deadlines later than the parties requested, including for expert disclosures: 2/6/2024 for Plaintiff; 3/7/2024 for Defendant; and 3/21/2024 for rebuttal.

*Id.* at 3. The Court set a mediation deadline of April 19, 2024, but of course that is a deadline, and the parties were free to conduct an earlier mediation. *Id.*

On January 11, 2024, Defendant filed an unopposed motion to extend the expert disclosure deadlines. Doc. 38 (the Initial Motion). In the Initial Motion, Defendant sought 30-day extensions to all the expert disclosure deadlines and the *Daubert* motions deadline. *Id.* Citing Federal Rule of Civil Procedure 6(b), Defendant stated that good cause existed for the deadline because it gave "the parties a chance to exchange additional discovery, obtain non-party documents, take depositions and evaluate the retention of potential expert witnesses." Doc. 38 at 3.

That same day, the Court denied the Initial Motion, explaining that, "The Motion fails to identify, let alone meet, the good cause standard (and the related showing of diligence) applicable to the extension of CMSO deadlines. *See* Fed.R.Civ.P. 16(b)(4); CMSO at 9-10." Doc. 39.

On January 31, 2024, the parties filed a joint motion for an extension, this time seeking an additional 30-day extension for each of the expert disclosure deadlines, but not the *Daubert* motions deadline. Doc. 40 (the Joint Motion). This time, still citing Rule 6(b), the parties assert that an extension:

> will provide the Parties a chance to exchange key discovery that is directly relevant to Plaintiff's claims for compensatory damages, obtain non-party documents as to Plaintiff's alleged emotional and physical distress, take depositions of Plaintiff's treating providers, and evaluate the retention of potential expert witnesses. ***Most importantly, the extension will increase the likelihood of an early resolution because the Parties could resolve the case without incurring significant costs associated with expert witnesses.***

Doc. 40 at 5 (emphasis added). As noted above, Defendant, along with Plaintiff this time, still makes assertions concerning discovery, but now requests the extension primarily for the purpose of conducting mediation prior to the expert disclosure deadlines, thus reducing the costs to be

incurred by the parties in securing experts, assuming the case settles at mediation.  *Id*. at 2-3, 5.[1] This cause was not stated in Defendant's Initial Motion.

While the parties have jointly filed the request, to the extent Defendant seeks relief the Joint Motion is construed as a motion for reconsideration.  Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice.  *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted).  The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).  Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier."  *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

Even though Defendant attempts to have the Court revisit the request, Defendant fails to cite, let alone meet, the legal standard for reconsideration.  Thus, the Joint Motion is legally insufficient to the extent Defendant seeks to have the Court revisit the denial of the initial request.

---

[1] The parties state that they "agree that conducting mediation prior to Plaintiff's deposition, anticipated medical examination, and their expert disclosures will significantly increase the likelihood of settlement at mediation."  *Id*. at 2-3.

Further, despite being directed to the relevant legal standards controlling a request to extend the relevant deadlines—those standards set forth in both the CMSO and the Federal Rules of Civil Procedure—the parties fail to cite, let alone meet, those standards. To be clear: Rule 16(b)(4), not Rule 6(b) controls a request to extend a CMSO deadline. And this matters, because the Eleventh Circuit caselaw concerning Rule 16(b)(4) includes a requirement of diligence—a requirement that the parties neither identified nor met.[2] Further, the CMSO states that:

> The deadlines established in this CMSO are purposeful and are not advisory. Thus, the Court generally denies motions to extend such deadlines or to continue the proceedings. As noted below—depending on the deadline at issue—the Court will grant such motions only upon showing of good cause—which requires diligence. See also Local Rule 3.08(a).
>
> ***
>
> **Motions to extend other deadlines established in this CMSO—especially the discovery deadline—are strongly disfavored and will be summarily denied absent a showing of good cause and explicit recitations of the following:** (a) whether the motion is agreed or opposed; (b) the impact—if any—that the parties expect the deadline extension will have on the trial date and summary judgment deadline; (c) the specific reasons that any additional discovery is both necessary and could not be completed in the time allotted by this CMSO; and (d) the parties' agreement that any evidence obtained in the extended discovery period will be unavailable for summary judgment purposes, and the extension will not be relied on in any way to support another motion to continue or to extend a deadline. See Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

Doc. 27 at 9-10 (emphasis in original). Of course, in denying Defendant's Initial Motion, the Court explicitly cited to both the foregoing CMSO language and the applicable Rule. See Doc. 39. Even so, in the Joint Motion, the parties fail to identify, let alone meet, those standards. Thus, the Joint Motion is legally insufficient to the extent it is not a request for reconsideration.

---

[2] A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").

Even setting aside the unmet reconsideration standard and the failure to identify or address the requirements of the Rule or the CMSO, the parties' request—made six days prior to the deadline—to extend all expert deadlines 30 days to allow expert disclosures after mediation for the primary purpose of saving costs meets neither the requirements of Rule 16(b)(4) nor the CMSO.   Several factors go into this consideration.   From the outset of this case, the parties apparently intended that mediation occur after expert disclosures, so the last-minute request for an extension due to the impending mediation seems misplaced.   Further, the parties are free to settle this case at any time—there is no requirement for them to wait for mediation to resolve this matter. To the extent settlement is close and impending deadlines might affect settlement, they should meet to attempt to resolve this matter expeditiously.   Relatedly, the parties, with the exercise of diligence, might have scheduled mediation earlier or chosen a different mediator with earlier availability.

In addition, if the Court granted the requested extension, the new deadlines would make Defendant's expert reports due on the discovery deadline and the rebuttal reports deadline fall outside the discovery deadline. Without explicit compliance with the CMSO's requirements for seeking an extension, it appears that the requested extension would affect other deadlines; as one example, depositions of the defense and rebuttal experts would fall outside the discovery period. *See* CMSO at 10.

And, finally, the parties cite no law for the proposition that there is good cause under Rule 16(b)(4) to extend a CMSO deadline when compliance with the deadline would simply result in the parties incurring costs that might be avoided if the case happened to settle at mediation.   Of course, successful mediation saves post-mediation litigation costs; using that as a good cause basis

to extend CMSO deadlines would hollow out the good cause requirement and render meaningless pre-mediation deadlines the Court might set at the outset of the case.[3]

Accordingly, the Joint Motion (Doc. 40) is **DENIED**.

**ORDERED** in Orlando, Florida on February 1, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[3] As one court in the Circuit has noted in the context of settlement negotiations:

> It is well settled that ongoing settlement discussions are insufficient to furnish good cause to modify the Court's Scheduling Order under Rule 16(b)(4). *See Jasper Wood Prod., LLC v. Jordan Scrap Metal, Inc.*, 2014 WL 3720530, at *5 (S.D. Ala. July 25, 2014) ("[D]elays attendant to settlement negotiations do not furnish good cause for modifying scheduling orders pursuant to Rule 16(b)(4).") (citing *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL 645741, *5 (E.D. Cal. Feb. 21, 2013) ("[S]ettlement negotiations are not good cause to modify a Scheduling Order"); *Rybski v. Home Depot USA, Inc.*, 2012 WL 5416586, *2 (D. Ariz. Oct. 17, 2012) ("[D]istrict courts have concluded that settlement conferences or discussions do not constitute good cause to modify a scheduling order"); *Oliver v. M/V Barbary Coast*, 2012 WL 642342, at *1 (S.D. Ala. Feb. 28, 2012) ("[T]he pursuit of settlement—alone—is generally not good cause to justify the extension of deadlines in a Rule 16(b) scheduling order"); *Home Design Services, Inc. v. Trumble*, 2010 WL 1435382, at *10 (D. Colo. Apr. 9, 2010) (where plaintiff deferred discovery costs in anticipation of productive settlement conference, observing that "[w]hile I can appreciate the pragmatism underlying such a strategy, counsel's misplaced optimism does not equate to good cause under Rule 16(b)"); *United Stars Industries, Inc. v. Plastech Engineered Products, Inc.*, 2007 WL 5462421, at *1 (W.D. Wis. Feb. 14, 2007) ("Plaintiff has not shown good cause for the late amendment, only that it preferred to engage in settlement negotiations and let the deadlines go by. Although this court encourages settlement, it expects counsel to observe the deadlines set by the court.")).

*Bermudez v. AFR Env't Corp.*, No. 16-61363-CIV, 2017 WL 11220350, at *5 (S.D. Fla. Apr. 13, 2017), *report and recommendation adopted*, 2017 WL 11220351 (S.D. Fla. June 22, 2017).