UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACKLYN KNIGHTS,**

        **Plaintiff,**

**v.**                                          **Case No: 6:23-cv-1104-RBD-DCI**

**WYNDHAM VACATION
OWNERSHIP, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Time-Sensitive Motion to Compel Mental Examination of Plaintiff (Doc. 44)** |
| **FILED:** | **February 20, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

This action involves a claim for "damages for emotional distress associated with her allegations that Defendant negligently supervised and retained an employee who assaulted and battered Plaintiff, the employee created a hostile work environment for Plaintiff, Defendant retaliated against her when she complained, she was constructively discharged, and Defendant defamed her." Doc. 44 at 2. Specifically, Plaintiff is claiming $3,000,000 in emotional and reputational harm and an additional $30,000,000 in punitive damages. *Id*. at 5. Thus, Defendant filed a motion for mental examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35.

Doc. 44 (the Motion).  Defendants represent that Plaintiff has placed her mental condition in controversy and, thus, there is good cause to request a mental examination.  *Id*.

Defendants propose the examination occur as follows:

- **Date & Time**: February 23, 2024, at 10:00 a.m.

- **Examiner**: Stephen Young, M.D., a licensed forensic psychiatrist

- **Location**: Esquire Deposition Solutions, 432 South Beach Street, Daytona Beach, Florida 32114

- **Scope**: "The scope will be to determine the nature of Plaintiff's current medical condition and the existence, nature, extent, and any cause of any mental and/or emotional injury of Plaintiff that is at issue in this lawsuit. The evaluation will consist of a clinical psychiatric interview including a personal and social history, educational and work history, medical history, and evaluation of events which Plaintiff claims were the cause of her emotional injury. Dr. Young will not perform any tests on Plaintiff. Plaintiff will not be required to provide information as to when or why she retained counsel. Defendant shall not refer to the examiner as "independent," "court-appointed," or similar title.

    Plaintiff is not required to bring any medical records with her. Plaintiff shall not be asked or required to complete any forms in connection with or during the examination. The examiner shall not comment on, put in his report, or testify about, the reasonableness of Plaintiff's treatment or medical bills. Defendant is responsible for informing the examiner of the conditions applicable to the exam.

    No person or entity shall attend the exam on behalf of the Defendant except the examiner. Defendant shall not be allowed to videotape or transcribe the exam. Third parties shall not interfere with the doctor's examination in any manner."

*Id*. at 6-7.  Defendants request that the Court enter an order permitting the examination outlined above.  *Id*.  The parties represent that the Motion is unopposed.  Docs. 44; 46.

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's physical or mental condition is both in controversy and that there is good cause for the Court to order the examination.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).  The order setting a Rule 35 examination must "specify the time, place, manner,

conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendant has sufficiently demonstrated that Plaintiff has placed her mental health in controversy. Further, Plaintiff did not oppose the Motion. Therefore, the Court finds that Defendant has established good cause for compelling Plaintiff to submit to the mental examination outlined in this Order.

Accordingly, it is **ORDERED** that the Motion (Doc. 44) is **GRANTED.**

**ORDERED** in Orlando, Florida on February 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE